IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE FAIRLIFE MILK PRODUCTS MARKETING AND SALES PRACTICES LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | MDL No. 2909<br><br>Master Case No. 19-cv-3924<br><br>Judge Robert M. Dow, Jr.<br><br>(19 C 3929) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT AND
AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

On September 28, 2022, this Court held a hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 170) (the "Motion") and Petition for an Award of Attorneys' Fees and Costs, and Service Awards (ECF No. 172) (the "Petition").

Plaintiffs Terri Birt, Carol Cantwell, Debra French, Karai Hamilton, Henry Henderson, Paula Honeycutt, Michelle Ingrodi, Jae Jones, Nabil Khan, Kaye Mallory, Christina Parlow, Cindy Peters, Jenny Rossano, David Rothberg, Eliana Salzhauer, Connie Sandler, Diana Tait, Demetrios Tsiptsis, and Arnetta Velez, on behalf of themselves and all other similarly situated, (collectively, "Plaintiffs"), have entered into a Settlement Agreement with Defendants The Coca-Cola Company ("TCCC"), fairlife, LLC ("fairlife"), Fair Oaks Farms, LLC ("FOF"), Mike McCloskey and Sue McCloskey ("the McCloskeys"), and Select Milk Producers, Inc. ("Select") (collectively, "Defendants") to resolve the litigation *In re fairlife Milk Products Marketing and Sales Practices Litigation*, MDL No. 2909, Lead Case No. 1:19-cv-03924-RMD-MDW (N.D. Ill.) (the "Litigation"). The Court, after conducting a fairness hearing on September 28, 2022 and having reviewed (i) the Motion, its accompanying memorandum and the exhibits thereto, the Settlement Agreement, and all arguments and papers filed in support of and/or in opposition to the Settlement and (ii) the Petition, its accompanying memorandum, exhibits, and declarations thereto, and having had the benefit of reviewing Class Counsel's monthly *in camera* submissions of detailed time and expense reports, hereby finds that the Motion should be **GRANTED** as to the Settlement and that the Petition should be **GRANTED** as to the request for attorneys' fees, costs, and service awards.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has personal jurisdiction over the Parties and all members of the Settlement Class (also referred to herein as the "Class") and possesses subject matter jurisdiction to approve the Settlement and Agreement and all Exhibits thereto.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(g), Class Counsel previously appointed by the Court is appointed as Class Counsel for the Settlement Class as they have and will fairly and competently represent the interests of the Settlement Class.

4. Pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), the Court determines that the following Settlement Class be certified solely for the purposes of the Settlement:

> All Persons in the United States, its territories, and the District of Columbia who purchased, for personal use and not for resale, any Covered Product on or before the Preliminary Approval Date.

Excluded from the Settlement Class are the following persons: (i) Defendants and their respective subsidiaries and affiliates, members, employees, officers, directors, agents, and representatives and their family members; (ii) Class Counsel; (iii) the judges who have presided over the Litigation; (iv) local, municipal, state, and federal government agencies; and (v) all persons who have timely elected to become Opt-Outs from the Settlement Class in accordance with the Court's Orders..[1]

5. The Court further finds that the prerequisites to a class action under Rule 23(a) are satisfied solely for settlement purposes:

    a. First, the Court finds that Rule 23(a)(1), which requires that the proposed class be "so numerous that joinder of all members is impracticable" (Fed. R. Civ. P. 23(a)(1)), is met. While there is no numerical requirement for

---

[1] The Court notes that Defendants have reserved all rights, claims, and defenses they may have in the event the Final Order and Judgment does not become final, including, but not limited to, Defendants' objection that a class cannot be certified in this Litigation under Federal Rule of Civil Procedure 23 except for settlement purposes only. The Court reserves judgment on these matters.

        satisfying numerosity, hundreds of thousands of persons have purchased the Covered Products and have already submitted Claims. *Cox v. Joe Rizza Ford, Inc.*, No. 94-5688, 1996 WL 65994, at *8 (N.D. Ill. Feb. 9, 1996) ("Courts have granted class certification to groups of less than thirty"); *see also McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) ("Courts have [] found the numerosity requirement satisfied where the putative class would number less than forty individuals").

b.   Second, the Court also finds the commonality requirement of Rule 23(a)(2), which requires that "there are questions of law or fact common to the class" (Fed. R. Civ. P. 23(a)(2)), is met. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and that the claims arising from that injury depend on a "common contention . . . of such a nature that it is capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes, U.S.*, 564 U.S. 338, 359 (2011). Here, all Settlement Class Members purchased Covered Products that were allegedly falsely advertised, mislabeled, and/or sold based upon Defendants' allegedly false and deceptive representations and warranties and omitted material information about the Covered Products or the manner in which the Covered Products were produced and, thus, suffered the same alleged injury. Central questions of fact and law common to all Settlement Class Members include: (1) whether Defendants misrepresented or failed to disclose the subject practices with respect to the purported animal welfare representations associated

3

|   |   |
|---|---|
|   | with the Covered Products; (2) whether Defendants had a duty to disclose the material facts to Plaintiffs and the Members of the Settlement Class; and (3) whether Defendants' purported conduct constituted a breach of warranty. |
| c. | Third, the Court also finds Rule 23(a)(3)'s typicality requirement, which requires that "the claims . . . of the representative parties are typical of the claims . . . of the class . . . ." (Fed. R. Civ. P. 23 (a)(3)) is met. The Court finds this requirement has been met here because the Named Plaintiffs' claims arise from the same course of events: their purchase of the Covered Products allegedly not produced in the manner in which Defendants allegedly represented. The Named Plaintiffs' interests are co-extensive with those of the Settlement Class because every Settlement Class Member claims injury resulting from the same alleged uniform misconduct. |
| d. | Finally, the Court finds that the adequacy requirement of Rule 23(a)(4), which requires that the named plaintiffs and their attorneys "will fairly and adequately protect the interests of the class" (Fed. R. Civ. P. 23(a)(4)), is met. There is no indication that Plaintiffs' interests are antagonistic to those of the Settlement Class or that the claims were not vigorously pursued. Furthermore, Class Counsel have significant experience in prosecuting class actions and complex cases such as this Litigation. |

Based on the foregoing, the Court finds that each Rule 23(a) prerequisite has been met here for settlement purposes.

6. The Court also finds that the proposed Class meets the requirements of Rule 23(b)(3) solely for settlement purposes:

    a. According to Rule 23(b)(3), a class action may be maintained if the court finds that "questions of law or fact common to the class members predominate over any questions affecting individual members." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 376 (7th Cir. 2015). This requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Barnes v. Air Line Pilots Ass'n, Int'l*, 310 F.R.D. 551, 560 (N.D. Ill. 2015). Here, all Settlement Class Members share a common legal grievance arising from Defendants' marketing of the Covered Products, which were allegedly not produced in the manner in which Defendants represented. Common legal and factual questions — including whether the marketing of the Covered Products was false or misleading — are central to all Settlement Class Members' claims and predominate over any individual questions that may exist.

    b. Resolution of these common legal claims through a class-wide settlement and claims process is also a superior way to proceed. Rule 23(b)(3) lists four factors for courts to consider in determining whether a class action is superior, and each of these factors supports a class-wide resolution. *See* Fed. R. Civ. P. 23(b)(3)(A)-(D) ("(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or

undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.").

    i.    First, Class Members have little interest in individually controlling separate lawsuits and settlement given the relatively small individual economic injuries involved, and those who do may choose to opt out of the Settlement.

    ii.    Second, it appears that no individual Class Members have chosen to commence litigation concerning this controversy except through class litigation, further suggesting that a collective action is indeed the superior method of recovery.

    iii.    Third, it is desirable to concentrate the litigation in this Court in part because related cases have already been transferred to this Court by the Judicial Panel on Multidistrict Litigation. *See Serv. Spring, Inc. v. Cambria Spring Co.*, 1984 WL 2925, at *6 (N.D. Ill. 1984) (considering transfer of other cases in determining that it was desirable to concentrate litigation in particular forum).

    iv.    Fourth, there will be no difficulties in managing a class-wide trial, "for the proposal is that there be no trial." *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

Based on the foregoing, the Court finds that each Rule 23(b) prerequisite has been met here for settlement purposes.

7. The Court hereby grants final approval of the Settlement Agreement and its terms and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure and consistent and in compliance with all requirements of due process and applicable law, and directs consummation of the Settlement Agreement according to its terms and conditions.

8. Under Rule 23(e), "[t]he claims, issues, or defenses of a certified class . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). And "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "Court approval is favored to promote the policy of encouraging settlement of litigation, where the settlement reflects a reasonable compromise over issues that are actually in dispute." *Woods v. Club Cabaret, Inc.*, No. 1:15-01213, 2017 WL 4054523, at *6 (C.D. Ill. May 17, 2017) (quotations omitted); *see also Hisps. United of DuPage Cty. v. Vill. of Addison*, Ill., 988 F. Supp. 1130, 1149 (N.D. Ill. 1997) ("[C]ourts look upon the settlement of lawsuits with favor because it promotes the interests of litigants by saving them the expense and uncertainties of trial, as well as the interests of the judicial system by making it unnecessary to devote public resources to disputes that the parties themselves can resolve with a mutually agreeable outcome").

9. In accordance with the Court's referral, the parties mediated this case before the Honorable Wayne R. Andersen (Ret.), a retired United States District Judge for the Northern District of Illinois, who currently serves as a mediator for JAMS in complex litigation matters ("the Mediator"). The Mediator has significant experience mediating and resolving complex class actions like this one and ensured that the parties invested an appropriate amount of time and resources into reaching a fair, reasonable, and adequate settlement. Indeed, the Mediator oversaw

7

every step of the settlement discussions, which occurred over an extended period of time and included numerous live mediation sessions of all parties as well as phone calls and extensive correspondence conducted with and through the Mediator.

10. The law for evaluating the fairness of a class action settlement is well-established in this Circuit. As the Seventh Circuit explained in *Wong v. Accretive Health, Inc.*:

> [W]hen conducting a fairness determination relevant factors include: (1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed.

773 F.3d 859, 863 (7th Cir. 2014) (*quoting Gautreaux v. Pierce*, 690 F.2d 616, 631 (7th Cir. 1982)); *see also Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 578 (N.D. Ill. 2011) (quoting *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). "Although the district court must clearly set forth in the record the reasons for approving the settlement in order to make meaningful appellate review possible, the court's reasoning need not be so specific as to amount to a judgment on the merits." *Gautreaux*, 690 F.2d at 631. Moreover, "[i]t is not the burden of the proponents or the duty of the district court to support individual elements of the decree under some evidentiary standard akin to that for findings of fact." *Id.*

11. As shown below, the application of these factors supports approval of the Settlement as fair, reasonable, and adequate.

  a. The first factor weighs the strength of Plaintiffs' case against the extent of the settlement offer. *Wong*, 773 F.3d at 863; *see also In re AT & T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010). Through their investigation, information exchanged during the mediation process, and confirmatory discovery, Plaintiffs developed a

8

      comprehensive assessment of the various issues in this case. And, even if litigation classes were certified, the risk of losing on the merits would remain, whether at summary judgment or trial. Under these circumstances, the Settlement negotiated by Class Counsel is reasonable, providing monetary and injunctive relief to the Settlement Class Members without them having to bear the risks associated with further litigation, trial, and appeal. The relief obtained here, when weighed against the complexities and uncertainties of the litigation and the certainty of lengthy litigation in the absence of a settlement, support the conclusion that the Settlement is fair, reasonable, and adequate.

b.   The second factor, the complexity, length, and expense of further litigation, weighs heavily in favor of the Settlement. *See Wong*, 773 F.3d at 863. By reaching a favorable Settlement, Plaintiffs have avoided further significant delay and ensured a recovery to the Settlement Class. Defendants have asserted numerous legal and factual defenses to Plaintiffs' claims that would require full discovery and further briefing. In the absence of this Settlement, the Parties will need to engage in significant additional discovery, including numerous depositions and pre-trial work. Class certification, expert discovery, and summary judgment motions are just a few of the matters that will have to be litigated, in addition to a trial and likely appeals, without this Settlement. Significant additional work would be necessary if the case were to proceed to trial. A trial on the merits would entail considerable expense, including

        numerous experts, pre-trial motions, thousands more hours of attorney time, and given the right to appeal, trial would not necessarily end the litigation.

c.    The third and fourth factors involve weighing the amount of opposition as well as the reaction of class members to the settlement. *See Wong*, 773 F.3d at 863. Here, there has been wide dissemination of pertinent information about this Settlement, and to date, the Settlement Class' reaction has been highly encouraging, with no Objections filed, only two Opt-Outs, and more than 570,000 Claim Forms submitted to the Claims Administrator as of September 19, 2022. *See* Suppl. Decl. of Cameron R. Azari, Esq. On Implementation of Class Notice Program and Class Notice (ECF No. 177-1) ¶¶ 17, 19.

d.    The fifth factor, the opinion of competent counsel, also weighs heavily in favor of the Settlement. Courts are "entitled to rely heavily on the opinion of competent counsel." *Gautreaux,* 690 F.2d at 634. All of the attorneys involved in this case have spent extensive time reviewing the Settlement in conjunction with evaluating the best interests of their clients. The attorneys are highly competent and have a vast amount of experience with class actions.

e.    The final factor considers the stage of the proceedings and the amount of discovery completed. Class Counsel has conducted substantial informal discovery during the extensive mediation process held before the highly

experienced Mediator. It was only at the conclusion of the lengthy mediation process that the parties were able to resolve the matter.

Based on the foregoing, the Court finds that the Settlement is fair, reasonable, and adequate, and warrants final approval.

12. The Court declares the Settlement Agreement and the Final Order and Judgment to be binding on, and have *res judicata* and preclusive effect, in all pending and future lawsuits or other proceedings encompassed by the Release (as set forth in Section I, Paragraph 65 of the Settlement Agreement) maintained by or on behalf of the Named Plaintiffs and all other Settlement Class Members, as well as their respective agents, heirs, executors or administrators, successors and assigns.

13. Defendants have served upon the appropriate state officials and the appropriate federal official notice under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA").

14. The Court finds that the Class Notice Program implemented pursuant to the Settlement Agreement and the Order preliminarily approving the Settlement (ECF No. 163): (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief, (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) met all applicable requirements of due process and any other applicable law.

15. The Court approves the Claim Form that was distributed to Settlement Class Members, the content of which was without material alteration from Exhibit A of the Settlement Agreement.

16. The Court appoints Validus Verification Services to serve as Auditor in accordance with the terms of the Settlement Agreement and the Stipulated Injunction. The costs of the audits, including all auditor fees and expenses, shall be borne by Defendants and shall not be paid from the Settlement Amount.

17. The Court appoints the Honorable Wayne R. Andersen (Ret.), who also served as the Mediator, as the independent third party to serve as the Court-appointed Monitor to monitor compliance with the Stipulated Injunction. The costs of the Monitor, including all Monitor fees and expenses, shall be borne by Defendants and shall not be paid from the Settlement Amount.

18. No amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund shall revert back to Defendants. The Cy Pres Contribution Amount, if any, shall be distributed equally between the Center for Food Safety and the U.S. Dairy Education & Training Consortium. The Court further determines that the selection of each organization to receive any unclaimed funds, with their missions nationwide in scope, will ensure that the distribution of amounts remaining in the Escrow Account following the distribution of the Net Settlement Fund will be for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of Settlement Class Members, and the interests of those similarly situated.

19. The Court hereby dismisses the Litigation now pending before the Court (including all of the underlying suits transferred to the Court by the JPML and all individual and class claims presented thereby) on the merits and with prejudice and without fees or costs except as provided by the Settlement Agreement. Without limiting the foregoing, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by the Agreement and the Release, and all of their respective claims are hereby dismissed with prejudice and released, irrespective of whether or not they received actual notice of the Litigation or the Settlement.

20. The Court hereby orders that, within one (1) week after the Effective Date, any other lawsuits (if any) not pending before the Court will be dismissed with prejudice without fees or costs except as provided herein.

21. The Court hereby adjudges that the Named Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendants and the Released Persons.

22. Upon the Effective Date, the Named Plaintiffs and all Settlement Class Members who have not been excluded from the Settlement Class, whether or not they return a Claim Form within the time and in the manner provided therefor, shall be barred from asserting any Released Claims against Defendants and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendants and all Released Persons.

23. If for any reason this judgment is reversed, vacated, or materially modified on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement, survive termination of the Settlement), and the Settling Parties shall return to their positions without prejudice in any way, as provided for in the Settlement.

24. Without affecting the finality of the Final Order and Judgment for purposes of appeal, the Court reserves jurisdiction over the Claims Administrator, Validus, the Monitor, Defendants, the Named Plaintiffs, and the Settlement Class as to all matters relating to the administration, consummation, enforcement, and interpretation of the terms of the Settlement and Final Order and Judgment and for any other necessary purposes.

25. The Settlement Agreement and the Settlement provided for herein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as

evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the Settlement.

26. The Court bars and permanently enjoins all Settlement Class Members who have not been properly excluded from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims arising on or before the Preliminary Approval Date; and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency.

27. The Court hereby approves the Opt-Out List, which consists of Settlement Class Members Steven Robertson and Victoria Lee, and determines that the Opt-Out List is a complete list of all Settlement Class Members who have timely requested exclusion from the Settlement

Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment except for Opt-Outs who subsequently submit Claim Forms during the Claim Period.

28. The Court authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and all Exhibits thereto as (i) shall be consistent in all material respects with the Final Order and Judgment and (ii) do not limit the rights of the Parties or Settlement Class Members.

29. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

30. The Court has also carefully examined Plaintiffs' Petition and finds that the requested attorneys' fees of one-third of the Settlement Fund is fair, reasonable, and in keeping with this Circuit's precedent. Specifically, the factors supporting Class Counsel's requested fee award are: (i) attorneys' fees in other class action settlements; (ii) the risk of nonpayment Class Counsel agreed to bear; (iii) the quality of Class Counsel's performance; (iv) the amount of work necessary to resolve the litigation; and (v) the stakes of the case.

31. Specifically, the Court finds that Class Counsel has created significant value for the Settlement Class in negotiating an excellent settlement, especially in light of the significant risks Plaintiffs faced in litigating their case, as well as the cost and time it would take to litigate the case.

32. The Court has also specifically considered the requirements of Rule 23, including whether the relief provided to the class is adequate, taking into account, among other things, the terms of any proposed award of attorneys' fees, including timing of payment, and finds that Class

Counsel's excellent work in securing significant monetary damages, as well as injunctive relief, supports the requested fee award.

33. The Court notes that the injunctive relief negotiated by Class Counsel is meaningful and directly addresses the allegations at issue in this multidistrict litigation; however, the Court is not basing its ruling concerning attorneys' fees on the value of that injunctive relief.

34. The Court awards $7,000,000, or one-third of the Settlement Fund, to Class Counsel as attorneys' fees in this litigation, and vests Class Counsel with the authority to distribute those fees to other Plaintiffs' counsel based upon their best judgment and in keeping with the Time and Expense Protocol that has governed the submission of time and expenses in this Litigation.

35. In addition to having an opportunity to review Plaintiffs' counsel's detailed lodestar, the Court has also had an opportunity to review the expenses incurred in this litigation. Based upon the applicable precedent, as well as Rule 23, the Court finds that the expenses are reasonable, and were necessary and appropriate in bringing this litigation. Accordingly, the Court awards Class Counsel $95,198.99 in expenses, and directs Class Counsel to distribute reimbursements for expenses to other Plaintiffs' counsel in keeping with the Time and Expense Protocol.

36. The Court has also carefully examined Plaintiffs' request for service awards given their work on the litigation and their role—as fiduciaries of the absent Class members—in reviewing the Settlement and approving same. The Court finds that the requested $3,500 per Class Representative is in keeping with precedent in this Circuit and is appropriate given the work performed by the Class Representatives in this matter.

37. The Court notes that the Settlement was not contingent upon the Court's approval of the requested attorneys' fees, costs, or service awards, and that the Parties did not come to an

agreement on any of these issues as a condition to approving the Settlement. There is no indication of any collusion regarding the requested attorneys' fees, costs, or service awards, and the requested attorneys' fees, costs, and service awards are fair, reasonable, and consistent with this Circuit's precedent.

**IT IS SO ORDERED.**

Dated: September 28, 2022

Robert M. Dow, Jr.
United States District Judge